IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOSÉ RAMÍREZ DE ARELLANO,**<br><br>**Plaintiff**<br><br>v.<br><br>**THE FEDERAL AVIATION ADMINISTRATION; UNITED STATES OF AMERICA; DR. MICHAEL BERRY in his capacity as officer of the F.A.A. and in his personal capacity; DR. SUSAN NORTHRUP in her capacity as officer of the F.A.A. and in her personal capacity; JOHN DOE; X, Y, Z INSURANCE COMPANIES**<br><br>**Defendants** | **CIVIL NO.**<br><br><br>**CIVIL ACTION**<br><br><br>**JURY DEMAND** |

## COMPLAINT

**TO THE HONORABLE COURT**:

**APPEARS NOW**, the Plaintiff **JOSÉ RAMÍREZ DE ARELLANO**, through the undersigned counsel, and hereby files this Complaint for compensatory damages and equitable relief against the herein named Defendants.

## INTRODUCTION

1. This is a civil action filed by Plaintiff **JOSÉ RAMÍREZ DE ARELLANO**, who seeks redress for violation of his right to due process and the damages caused as a result in violation of federal and local law.

2. This action arises from the Federal Aviation Administration and its officers' refusal to provide Plaintiff with a fair process for consideration for employment, as well as their refusal to allow for a reconsideration of their adverse decision in light of new and relevant evidence, in direct violation of the F.A.A.'s own directives.

1

**JURISDICTION AND VENUE**

3. This Honorable Court has original jurisdiction in this action pursuant to 28 U.S.C. §1332 because this is a civil action predicated on diversity citizenship. The parties are domiciled in different states and the amount in controversy exceeds $75,000.00.

4. This Honorable Court also has supplemental jurisdiction over all claims arising under the laws and the Constitution of the Commonwealth of Puerto Rico pursuant to 28 U.S.C. §1367.

5. Venue is proper in the District of Puerto Rico pursuant to 28 U.S.C. §1391.

6. This Honorable Court's supplemental jurisdiction is invoked to entertain Plaintiff's causes of action pursuant to Articles 1802 and 1803 of the Puerto Rico Civil Code of 1930, 31 P.R. Laws Ann. §§5141 – 5142, for the damages caused to him by the tortious acts and omissions of the Codefendants, which were the proximate cause of the emotional distress and mental anguish of Plaintiff.

7. A Jury Trial is demanded.

**PARTIES**

8. Plaintiff JOSÉ RAMÍREZ DE ARELLANO (hereinafter "Plaintiff" or "Mr. Ramírez de Arellano") is of legal age, married, and at all times relevant to this litigation has been a citizen of the United States and a resident of Puerto Rico.

9. Defendant DR. SUSAN NORTHRUP was at all times herein pertinent an employee of the Federal Aviation Administration. At all times herein pertinent, Dr. Northrup has been a citizen of the United States and a resident of a state other than Puerto Rico. She was the Regional Flight Surgeon in charge of handling Plaintiff's application and determined he was ineligible for employment due to alleged substance abuse issues.

10. Defendant DR. MICHAEL BERRY was at all times herein pertinent an employee of the Federal Aviation Administration. At all times herein pertinent, Dr. Berry has been a citizen of the United States and a resident of a state other than Puerto Rico. He was the Federal Air Surgeon in charge of handling Plaintiff's application and determined his application was ineligible because he had allegedly not requested reconsideration in a timely manner.

11. Defendant FEDERAL AVIATION ADMINISTRATION (FAA) is the federal agency mandated by the Federal Aviation Act of 1958 commissioned to foment and foster the development and functioning of aviation in the United States and its possessions and territories. Under the Puerto Rico Civil Code, this agency is responsible for the acts and omissions of its employees that may cause damage. At all times herein pertinent, the FAA employed Defendants Dr. Susan Northrup and Dr. Michael Berry.

12. Defendant JOHN DOE is an individual who may have influenced or contributed to Plaintiff's damages.

13. Defendant XYZ INSURANCE COMPANIES is the fictitious name given to any insurance company that has issued policies to any Defendant, which may cover the damages arising out of the cause of action alleged in the present Complaint.

## FACTUAL ALLEGATIONS

14. Plaintiff **JOSÉ RAMÍREZ DE ARELLANO** is a 32-year-old man who applied for a job as an Air Traffic Controller Specialist with the Federal Aviation Administration (F.A.A.) in Puerto Rico in 2012, when he was approximately 23 years old.

15. It had been Plaintiff's lifelong dream to work in the field for which he was applying.

16. In order for Plaintiff to even be considered for a position as an Air Traffic Controller Specialist, he had to meet certain requirements that included an extensive medical evaluation.

3

17. Mr. Ramírez de Arellano complied with the rigorous medical examination process required by the F.A.A. and, after nearly two (2) years of waiting and diligent follow-up on his part, was informed on June 20th, 2014 that he had been denied the position for which he had applied.

18. Mr. Ramírez de Arellano requested an appeal during the month of July 2014.

19. His application was denied for a second time on August 24, 2015, following a determination by the Regional Flight Surgeon that he was unfit to hold the position allegedly due to substance dependence.

20. Following the request for review of the Regional Flight Surgeon's decision, Mr. Ramírez requested a review of the decision and a reconsideration submitting new medical evidence on September 10th, 2015.

21. Mr. Ramírez filed his reconsideration with the Regional Flight Surgeon on September 10th, 2015, to which he attached an expert report that concluded he did not have a substance dependence issue but was denied a third time.

22. Following that reconsideration's filing on September 10th, 2015, Defendant **DR. SUSAN NORTHRUP,** Regional Flight Surgeon, indicated in a communication dated October 24th, 2016, that Mr. Ramírez "may request reconsideration at any time (sic) you have significant medical evidence to offer [. . .]."

23. In this same communication dated October 24th, 2016, **DR. NORTHRUP** instructed Plaintiff to forward any additional unexpired medical certificates he held at that point, which included his pilot's license.

24. On November 14, 2017, and following **DR. NORTHRUP'S** indication, Mr. Ramírez de Arellano submitted a second expert report that also contradicted the F.A.A.'s findings on the

4

alleged substance dependence issue. That report was obtained after Mr. Ramírez had been denied a total of three (3) times.

25. Given Mr. Ramírez's denial of reconsideration, his file was required to be sent over to the Federal Air Surgeon for review. Pursuant to F.A.A. Order 3930.3B, Chapter 3, Section 1, Subsection 12, "[i]f the RFS does not overturn the disqualification in paragraph 9 above, the file will be forwarded for review by the FAS. a) RFS must forward the request, case summaries, *and complete medical files* to the Manager, Aeromedical Certification Division, AAM-300."

26. In compliance with F.A.A. Order 3930.3B, Chapter 3, Section 1, Subsection 12, Mr. Ramírez de Arellano's file was then forwarded to the Federal Air Surgeon, located in Washington, D.C., which should have included the aforementioned new and compelling medical evidence that would, undoubtedly, overturn the original determination.

27. The new medical evidence provided by Mr. Ramírez for reconsideration of his disqualification was not included in the file that was forwarded to the Federal Air Surgeon.

28. This new evidence consisted of the two medical opinions that disputed the F.A.A.'s conclusions that Mr. Ramírez de Arellano suffers from substance dependence.

29. Despite two separate communications, one on December 19. 2018 and another on February 13, 2019, by Plaintiff's counsel prompting him to review Mr. Ramírez's case, Dr. Michael A. Berry, Federal Air Surgeon, did not reach a swift determination.

30. Plaintiff had to resort to filing a writ of Mandamus against the agency on June 20, 2019.

31. Following the writ of Mandamus filing, the F.A.A. filed a Motion to Dismiss on January 17, 2020, which was granted on March 5, 2020.

32. Plaintiff filed a motion for reconsideration on March 12, 2020, which was later denied on May 21, 2020.

33. Following the Mandamus proceedings, the F.A.A. finally reached a determination in which Mr. Ramírez's application was denied because he had, allegedly, failed to timely request reconsideration within the fifteen (15) days immediately after receiving his disqualification dated June 20, 2014.

34. Mr. Ramírez de Arellano's request for reconsideration was denied and deemed untimely by the Federal Air Surgeon, Defendant **DR. MICHAEL A. BERRY,** without even giving consideration to the new evidence submitted and in spite of **DR. NORTHRUP'S** indication that a reconsideration could be requested ***at any time*** should the petitioner have significant medical evidence to offer.

35. The F.A.A. has a requirement that trainees begin at the Academy by a date no later than their 31st birthday. Mr. Ramírez de Arellano's 31st birthday was on October 5th, 2019 and reaching that milestone essentially rendered him unable to be considered for a position as an Air Traffic Controller Specialist with the F.A.A.

36. Thus, that the F.A.A. consider this new and compelling medical evidence submitted by Mr. Ramírez de Arellano was extremely time-sensitive at that time.

37. In his letter dated November 27, 2018, Federal Air Surgeon Defendant **DR. MICHAEL BERRY** sets forth that he "reconsidered [Plaintiff's] medical disqualification from the duties of Air Traffic Control Specialist (ATCS)".

38. Furthermore, **DR. BERRY** stated that "the available medical evidence reveals an established medical history or clinical diagnosis of substance dependence (alcohol)."

39. **DR. BERRY** did not consider the new and relevant medical evidence that Plaintiff had submitted following the initial denial of his application by **DR. NORTHRUP.**

40. Notwithstanding, **DR. BERRY** concluded in that same communication that, based on the expiration of Plaintiff's most recent application for ATCS medical clearance dated January 25, 2012, he is "unable to render a formal determination on [Plaintiff's] medical qualifications on the basis of that application."

41. **DR. BERRY** did not reach a formal decision on whether or not Plaintiff was medically qualified to hold the position of Air Traffic Controller Specialist.

42. **DR. BERRY** relied on the erroneous notion that Plaintiff had not requested reconsideration in a timely fashion.

43. Plaintiff, in fact, requested the first reconsideration during the first fifteen (15) days following the June 20th, 2014 determination. That is, during the month of July 2014.

44. Plaintiff was informed that he could request reconsideration at any moment should he have new and compelling medical evidence, which he dutifully submitted as soon as it was obtained.

45. As a result of Defendants' refusal to reconsider their denial of Plaintiff's application based on the two expert reports that directly contradicted the F.A.A.'s view that Plaintiff had a substance abuse problem, Plaintiff was deprived of realizing his lifelong dream of working for the agency and suffered greatly because of it.

46. As a result of the Codefendants' delay in reaching a final determination on his application, Mr. Ramírez de Arellano was deprived of the opportunity to begin training for the Air Traffic Control Specialist position before his 31st birthday and, thus, forever banned from realizing his lifelong dream.

**FIRST CAUSE OF ACTION – VIOLATION OF ARTICLES 1802 AND 1803 UNDER THE**

**PUERTO RICO CIVIL CODE OF 1930, 31 P.R. LAWS ANN. §§5141 - 5142**

47. Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.

48. Defendants' policies, practices and conducts challenged Puerto Rico's Civil Code Articles 1802 and 1803 in that Defendants engaged in conduct that was harmful to Plaintiff's interests.

49. Defendants' conduct in failing to evaluate the additional and relevant medical evidence provided by Plaintiff and, thus, rejecting his application based on the erroneous notion that he had a substance abuse problem was a direct and proximate cause of Plaintiff's emotional and mental damages.

50. Defendants' conduct in providing the impression that Plaintiff could request reconsideration of his application at any time with new and relevant medical evidence but failing to perform said reconsideration when the new evidence was submitted, was a direct and proximate cause of Plaintiff's emotional and mental damages.

51. Defendants' conduct in failing to evaluate the additional and relevant medical evidence provided by Plaintiff in a timely manner, thus rendering him inapplicable as a result of him reaching his 31st birthday without having begun training, was a direct and proximate cause of Plaintiff's emotional and mental damages.

**DAMAGES**

52. Defendants' conduct in dismissing Plaintiff's application due to an alleged substance abuse problem has caused Plaintiff emotional and mental damages because of its erroneous nature. Plaintiff has never had a substance abuse issue.

8

53. Defendants' conduct in insisting Plaintiff completed a substance abuse rehabilitation program before considering him for employment has caused Plaintiff emotional and mental damages.

54. Due to Defendants' conduct in rejecting his application due to an alleged substance abuse issue without first examining the additional and relevant evidence presented by Plaintiff to disprove that assessment, Plaintiff has suffered damage to his reputation and his self-image.

55. Due to Defendants' conduct in not timely examining the relevant evidence prior to Plaintiff's 31st birthday, thus rendering him incapable of beginning training, Plaintiff has suffered mental and emotional damages.

56. Plaintiff has suffered mental and emotional damages because he had spent his formative years preparing academically to become qualified to hold employment within the F.A.A., yet was denied the opportunity by the Defendants.

57. Plaintiff has suffered and will continue to suffer economic hardship in the form of student loans he incurred in to study for an Air Traffic Controller Specialist career, which due to Defendants' conduct he will not be able to achieve. These student loans have to be paid by Plaintiff and represent not only an economic hardship, but also a crushed dream in the form of a career path he will never be able to embark on because of Defendants' conduct.

58. Plaintiff has suffered mental and emotional damages because his lifelong dream of becoming an F.A.A. Air Traffic Controller Specialist was destroyed based on an erroneous assertion that a substance abuse problem existed, when in fact, there was none.

**RELIEF SOUGHT**

59. Plaintiff requests the following relief against the Codefendants:

    a. That this Honorable Court determine and declare that the actions of the Codefendants were in violation of the Laws of Puerto Rico.

9

**b.** Compensatory damages in excess of $1,000,000.00 for the harm done by Codefendants against him.

**c.** Attorneys' fees, costs, and litigation expenses incurred in connection to this action.

**d.** All applicable interests, including pre and post judgment interests.

**e.** Jury Trial is demanded.

**f.** That his Honorable Court retain jurisdiction over this action in order to ensure compliance with any decree issued by the Court.

**g.** Any such other relief this Honorable Court may deem just and proper.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 27th of April, 2021.

**CERTIFICATE OF SERVICE**: We hereby certify that on this same date, the preceding was filed with the Court's CM/ECF system, which will notify counsel of record.

*Plaintiff's Counsel:*

s/ Carlos A. Mercado-Rivera
**USDC-PR NO. 211904**

**MERCADO RIVERA LAW OFFICES**
P.O. BOX 8086
CAGUAS, PR 00726
Tel. 787-745-0628
Fax 787-961-9884
camercado@mercadoriveralaw.com

10