IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **JOSE A. RAMIREZ-DE ARELLANO,**<br>Plaintiff,<br><br>**v.**<br><br>**FEDERAL AVIATION ADMINISTRATION,**<br>**ET AL.,**<br>Defendant. | **CIVIL NO.:** 21-1195 (GAG) |

## MEMORANDUM ON LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

**TO THIS HONORABLE COURT:**

COME NOW Defendants, by and through their attorneys, and respectfully request the Court dismiss with prejudice Plaintiff's claims. Plaintiff failed to exhaust his administrative remedies, incorrectly named defendants, and improperly asserted Puerto Rico law tort claims. Accordingly, the Court lacks jurisdiction to adjudicate Plaintiff's claim and Plaintiff has failed to state a claim upon which relief can be granted. Thus, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), the Court must dismiss Plaintiff's claims with prejudice.

## BACKGROUND

Plaintiff-Jose Ramirez-De Arellano applied for a position in the Federal Aviation Administration ("FAA") as an Air Traffic Controller, in 2012.[1] After two years, the Regional Flight Surgeon, Dr. Susan Northrup, M.D. ("Northrup"), denied his application in a letter

---

1. The facts are taken from Plaintiff's Complaint, (DE 1), and the Court's previous opinion denying Plaintiff's request for mandamus, *Ramírez-De Arellano v. United States*, 442 F. Supp. 3d 499, 501 (D.P.R. 2020) (FAB).

1

dated June 20, 2014. (Civ. No. 19-1607, DE 20-3). Northrup reviewed Ramirez's psychological assessment, finding that he was not medically qualified from serving as an Air Traffic Controller pursuant to FAA Order 3930.3B, Appendix-A ¶5(g)(1). (Civ. No. 19-1607, DE 23). In her letter, Dr. Northrup specified that requests for reconsideration must be submitted to the Federal Air Surgeon within 15 calendar days from receipt of the rejection letter. (*Id.*). Dr. Northrup also indicated that "[t]he decision of the Federal Air Surgeon [on appeal] is the final medical determination of the agency." (*Id.*). Although Ramirez failed to appeal within the 15-day timeframe, Dr. Northrup nevertheless forwarded his application to the Federal Air Surgeon pursuant to applicable regulatory procedures—FAA Order 3930.3B, Chapter 3, Section 1, Subsection 12. (*Id.*).

On November 27, 2018, the Federal Air Surgeon, Michael Berry, M.D. ("Dr. Berry"), sent a letter to Ramirez. (Civ. No. 19-1607, DE 20-6). Dr. Berry informed Ramirez that his "medical evidence reveals an established medical history or clinical diagnosis of: substance dependence (alcohol)," and upheld Dr. Northrup's preliminary decision. (Civ. No. 19-1607, DE 23). Dr. Berry also indicated that Ramirez' "records do not show that [he] requested reconsideration [of the Regional Flight Surgeon's decision] within the specified time frame" (*i.e.* within 15 days after receiving the June 20, 2014 letter)." (*Id.*).

On June 20, 2019, Ramirez petitioned this Court for a Writ of Mandamus. (Civil No. 19-1607, DE 1, 5). The United States moved to dismiss Ramirez's petition arguing that it lacked merit and that the Court lacked jurisdiction.[2] (Civ. No. 19-1607, DE 10 at 9-10). Finding Dr. Northrup's November 27, 2018 letter to be the final agency decision, the Court

---

2. The United States' motion to dismiss also clarified which letters addressed his Air Traffic Controller employment application and which addressed the revocation of his existing pilot certifications. (*See* Civ. No. 19-1607, DE 20 at 8-9).

denied Ramirez's mandamus request concluding that a remedy had been available to him through an appeal, but he failed to timely file an appeal. *Ramirez-De Arellano*, 442 F. Supp. 3d at 503-04.

On April 27, 2021, Ramirez filed a complaint against the FAA, the United States, Dr. Berry, Dr. Northrup, John Doe, and XYZ Insurance Company. (DE 1 at 1-2, 8). Ramirez seeks monetary damages and equitable relief for the "emotional distress and mental anguish" caused by the defendant's alleged "tortious acts and omissions" in violation of Puerto Rico Civil Code Articles 1802 and 1803, 31 P.R. Laws Ann. §§5141 – 5142. (*Id.*).

## STANDARD OF REVIEW

"When a court is confronted with motions to dismiss under both Rules 12(b)(1) and 12(b)(6), it ordinarily ought to decide the former before broaching the latter." *Rivera Cappacetti v. Pedro Quiles HNC Tech. Mgmt. Corp.*, No. 18-1861, 2019 WL 2553624, at *2 (D.P.R. June 20, 2019) (quoting *Deniz v. Municipality of Guaynabo*, 285 F. 3d 142, 149-50 (1st Cir. 2002) (noting that "if the court lacks subject matter jurisdiction, assessment of the merits becomes a matter of purely academic interest")). "[I]f the Court determines, as a threshold matter, that subject matter jurisdiction does not exist, it must dismiss the case and not make any determination of the merits of the case." *Villanueva Hernandez v. Veterans Admin.* No. 16-1034, 2018 WL 1721753, at *2 (D.P.R. Mar. 30, 2018) (citation omitted).

"Federal courts are courts of limited jurisdiction, and therefore must be certain that they have explicit authority to decide a case." *Rivera Cappacetti*, 2019 WL 2553624, at *2 (quoting *Bonas v. Town of North Smithfield*, 265 F. 3d 69, 75 (1st Cir. 2001)). "Where subject matter jurisdiction is challenged under 12(b)(1), the party asserting jurisdiction bears the burden of demonstrating the existence of federal subject matter jurisdiction." *Id.* (citing *Skwira*

*v. United States*, 344 F. 3d 64, 71 (1st Cir. 2003)). If the party fails to establish subject matter jurisdiction, the claim must be dismissed. Fed. R. Civ. P. 12(b)(1).

A Rule 12(b)(1) challenge is a challenge to federal subject matter jurisdiction, which includes sovereign immunity. *Id.* (citing *Valentín v. Hospital Bella Vista*, 254 F. 3d 358, 362–63 (1st Cir. 2001)). "[T]he United States is immune from suit except as it consents to be sued . . . ." *Diaz v. United States*, 372 F. Supp. 2d 676, 679 (D.P.R. 2005). This court lacks subject matter jurisdiction over claims brought against the United States "absent a waiver that must be 'unequivocally expressed'" in the FTCA's statutory text. *Id.* (quoting *Marina Bay Realty Trust LLC v. United States*, 407 F. 3d 418, 2005 WL 1022094 at *3 (1st Cir. 2005)). "[S]overeign immunity waivers such as the FTCA are strictly construed in favor of the government." *Hajdusek v. United States*, 895 F. 3d 146, 151 (1st Cir. 2018) (citation and quotations omitted).

Motions brought under Rule 12(b)(1) are subject to the same standard of review as Rule 12(b)(6). *McCloskey v. Mueller*, 446 F. 3d 262, 266 (1st Cir. 2006). "When deciding whether to dismiss a complaint for lack of subject matter jurisdiction, the Court 'may consider whatever evidence has been submitted, such as . . . depositions and exhibits.'" *De Leon v. Vornado Montehiedra Acquisition L.P.*, 166 F. Supp. 3d 171, 173 (D.P.R. 2016) (quoting *Aversa v. United States*, 99 F. 3d 1200, 1210 (1st Cir. 1996)).

Rule 12(b)(6) provides that a defendant may move to dismiss an action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, (2007). "Plausible, of course, means something more than merely possible. . . .'" *Zell v. Ricci*, 957 F. 3d 1, 7 (1st

4

Cir. 2020) (citation omitted), but instead requires determining whether the complaint alleges enough facts to "raise a right to relief above the speculative level." *Bell Atl. Corp.*, 550 U.S. at 555. "The court accepts all well-pleaded facts and draws all reasonable inferences in plaintiff's favor." *Leonhardt v. Aerostar Airport Holdings LLC*, 294 F. Supp. 3d 13 (2018) (citing *Parker v. Hurley*, 514 F. 3d 87, 90 (1st Cir. 2008)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). The Court then determines whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief," or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. *Iqbal*, 556 U.S. at 679.

## DISCUSSION

1. **Plaintiff's claims against the United States must be dismissed because Plaintiff failed to exhaust his administrative remedies.**

In his complaint, Plaintiff alleges that the Federal Aviation Administration ("FAA") failed to hire him as an Air Traffic Controller and to later reevaluate that "adverse decision in light of new and relevant evidence." (DE 1 at 1-2). Seeking monetary damages and equitable relief, Plaintiff alleges the FAA's actions constituted "tortious acts and omissions" in violation of "federal and local law." (*Id.*). Analyzing Plaintiff's claims pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et. seq.*—the exclusive remedy for tort claims against the United States—Plaintiff's claims must be dismissed. *See Mathew v. Central Falls Detention Facility Corp.*, No. 09-253, 2011 WL 6056713, at *6 (D.R.I. Sep. 30, 2011) ("The FTCA . . . is for claims against employees of the United States for money damages with respect to a tort cause of action.").

5

"The FTCA constitutes a limited waiver of the federal government's sovereign immunity" against private suits. *Muniz-Rivera v. United States*, 326 F. 3d 8, 12 (1st Cir. 2003) (citation omitted). "The FTCA waives government sovereign immunity for claims based on personal injury alleged to be 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . .'" *Id.* (quoting 28 U.S.C. § 1346). "[T]he FTCA's exceptions "define the limits of federal subject matter jurisdiction in this area*." Id.*

Plaintiff failed to meet the administrative exhaustion requirements of the FTCA before bringing his tort claims before this Court.

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

*Rivera Cappacetti*, 2019 WL 2553624, at *2. [T]he First Circuit has firmly held that "[e]xhaustion of plaintiffs' administrative remedies is a jurisdictional prerequisite to the prosecution of their FTCA claims." *Id.* (quoting *Cotto v. United States*, 993 F. 2d 274, 280 (1st Cir. 1993). Plaintiff's Complaint fails to address the administrative exhaustion requirement. Plaintiff does not allege that he filed an administrative claim with the FAA before filing this suit in federal court. To the contrary, Russell Christensen, supervisor of tort claims against the FAA, declared under penalty of perjury that no administrative claim has been filed by or on behalf of Plaintiff. (*See* Exhibit 1, Christensen Declaration). Accordingly, Plaintiff failed to exhaust his administrative remedies.

Moreover, Plaintiff did not file his action within the FTCA's two-year statutory timeframe. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues" or within six months after the agency mails the notice of final denial of claim. 28 U.S.C. § 2401(b); *see also Rivera Cappacetti*, 2019 WL 2553624, at \*2. Because Plaintiff failed to present his claim to the FAA, the FAA did not issue a final denial.

Even assuming *arguendo* that Dr. Berry's letter—the latest correspondence Plaintiff received—constituted a final agency denial, Plaintiff's claim is still time-barred. Dr. Berry's letter was dated November 27, 2018. (*See* Civ. No. 19-1607, DE 20-6). Plaintiff did not file his Complaint until April 27, 2021—five months after the two-year statute of limitations had run. (*See* DE 1). "[F]ailure to comply with the FTCA's statute of limitations means that the district court lacks subject-matter jurisdiction to entertain the suit and must dismiss it." *Skwira v. United States*, 344 F. 3d 64, 71 (1st. Cir. 2003). Accordingly, Plaintiff's claims must be dismissed. *See Conjugal P'ship Acevedo-Principe v. United States*, 768 F. 3d 51, 55 (1st Cir. 2014) (dismissing FTCA claim when plaintiff failed to present it to the agency within in the time prescribed).

**2. Plaintiff's claims against Dr. Berry and Dr. Northrup in their individual capacities and against the FAA must be dismissed.**

The FTCA is "the exclusive remedy of claimants such as Plaintiff[] seeking recovery of damages based on the tortuous conduct of a federal agency." *Diaz*, 372 F. Supp. 2d at 679 (citing 28 U.S.C. § 1346(b) and *Thames Shipyard & Repair Co. v. United States*, 350 F. 3d 247, 253 (1st Cir. 2003)). Plaintiff acknowledges that Dr. Berry and Dr. Northrup were "at all times herein pertinent [] employee[s] of the Federal Aviation Administration," which he accurately identifies as "a federal agency." (DE 1 at 2-3); *see also* 28 U.S.C. § 2671 (defining "federal

agency" and "employee of the government"). Accordingly, Plaintiff's claims against the doctors are misplaced. Instead, Plaintiff's sole remedy is against the United States. *See* 28 U.S.C. § 2674; *see also McCloskey v. Mueller*, 446 F. 3d 262, 265 (1st Cir. 2006) ("[U]nder the FTCA , the United States was the only proper defendant and [the District Court] dismissed the tort claims against the [individual defendants] for that reason."); *Aviles-Diaz v. United States*, 194 F. Supp. 2d 85, 86 (D.P.R. 2002) ("Under the FTCA, only the United States may be sued *eo nominee*; tort suits against federal agencies or their employees [are precluded].").

Similarly, Plaintiff's claims against the FAA must be dismissed. "It is well established that the exclusive remedy of a claimant seeking recovery of damages based on the tortious conduct of a federal agency is the Federal Tort Claims Act . . . ." *Quinones v. Dep't of Health & Hum. Servs.*, 322 F. Supp. 2d 147, 151 (D.P.R. 2004) (citing *Magee v. United States*, 121 F. 3d 1, 3 (1st Cir. 1997)). "[S]ection 2679(a) withdraws from federal agencies the authority to be sued directly given that, under the statute, a complaint may only be brought against the United States." *Id.* "[I]f a suit is 'cognizable' under § 1346(b) of the FTCA, the FTCA remedy is 'exclusive' and the federal agency cannot be sued 'in its own name.'" *Diaz*, 372 F. Supp. 2d at 680 (citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 476 (1994)). "Consequently, district courts lack subject matter jurisdiction over federal agencies . . . in suits brought under the FTCA." *Quinones*, 322 F. Supp. 2d at 151 (citing *Armor Elevator Co. Inc. v. Phoenix Urban Corp.*, 655 F. 2d 19, 22 (1st Cir. 1981)). Plaintiff acknowledges that the FAA is a federal agency. (DE 1 at 3). Accordingly, the FAA is immune from suit. All claims against the FAA should be dismissed. *See Diaz*, 372 F. Supp. 2d at 680 (dismissing FTCA claims against the GSA, a federal agency).

3. **Plaintiff's Puerto Rico law claims must be dismissed**.

Finally, without a federal nexus, Plaintiff's Puerto Rico law claims must be dismissed. As discussed above, the FTCA is the exclusive remedy for tort claims against the United States. *Diaz*, 372 F. Supp. 2d at 679. Accordingly, Plaintiff cannot bring stand-alone Puerto Rico tort law claims against the United States. If, instead, Puerto Rico law is applied as the "law of the case" for Plaintiff's implied FTCA claim, Plaintiff's tort law claims must still be dismissed because he failed to exhaust his administrative remedies. *See supra* Part 1. Thus, Plaintiff's Puerto Rico claims must be dismissed.

Moreover, absent original federal jurisdiction, the Court cannot exercise supplemental jurisdiction. Supplemental jurisdiction only exists in a "civil action [in] which the district court[ has] original jurisdiction." *See* 28 U.S.C. § 1367; *see also Toddle Inn Franchising, LLC v. KPJ Assocs., LLC*, 8 F. 4th 56, 61 (1st Cir. 2021) (quoting *Lefkovitz v. Wagner*, 395 F. 3d 773, 782 (7th Cir. 2005)) ("[Title] 28 U.S.C. § 1367 [] outlines 'the supplemental jurisdiction of the federal courts, which is to say their jurisdiction over matters related to matters over which federal jurisdiction is explicitly conferred.'"). Because the Court does not have original jurisdiction over Plaintiff's implied federal FTCA claim, the Court does not have supplemental jurisdiction over his Puerto Rico law tort claims.

## CONCLUSION

The FTCA is a limited waiver of the United States' sovereign immunity, *Muniz-Rivera*, 326 F. 3d at 12, which must be strictly construed in favor of the United States. *Hajdusek*, 895 F. 3d at 151. Plaintiff has failed to state a claim that fits within that limited waiver. Accordingly, the Court must dismiss Plaintiff's claims as it lacks jurisdiction to review them.

WHEREFORE, Defendants respectfully request this Court dismiss Plaintiff's Complaint with prejudice for lack of jurisdiction.

I HEREBY CERTIFY that I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which will automatically send notifications of this filing to all Attorneys of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on September 15, 2021.

STEVE DICKINSON[3]
Federal Aviation Administration Administrator

By His Attorneys:

W. Stephen Muldrow
United States Attorney

/s/B. Kathryn Debrason – G02702
Assistant United States Attorney
United States Attorney's Office
Torre Chardón, Suite 1201
350 Carlos Chardón Ave.
San Juan, Puerto Rico 00918
Tel. (787)776-5656

---

3. Steve Dickson was sworn in as the Administrator of the Federal Aviation Administration on August 12, 2019. *See* Federal Aviation Administration, *Steve Dickinson*, available at https://www.faa.gov/about/key_officials/dickson/ (last visited August 16, 2021).