IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

JOSÉ RAMÍREZ DE ARELLANO,

Plaintiff,

v.

FEDERAL AVIATION
ADMINISTRATION, UNITED
STATES OF AMERICA, MICHAEL
BERRY, SUSAN NORTHRUP, JOHN
DOE, AND XYZ INSURANCE
COMPANIES,

Defendants.

CIV. NO. 21-1195 (SCC)

**OPINION AND ORDER**

José Ramírez de Arellano sued the United States, the
Federal Aviation Administration (FAA), Dr. Susan Northrup,
Dr. Michael Berry, John Doe, and XYZ Insurance Companies,[1]
alleging that the two doctors, who are both FAA employees,
wrongfully delayed and mishandled his medical evaluation,
which prevented him from becoming an air traffic controller.

---

1. John Doe and XYZ Insurance Companies are fictitious names for an
unknown individual "who may have influenced or contributed to
Plaintiff's damages" and for "any insurance company that has issued
policies to any defendant," respectively. Docket No. 14-1 ¶¶ 13–14.

Docket No. 14-1. He sought relief under two Puerto Rico tort statutes and asserted that the Court has diversity and supplemental jurisdiction over his claims. *Id.* at ¶ 3–4. The government, on behalf of all defendants, filed a motion to dismiss his amended complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Docket No. 21. It argues that the Federal Tort Claims Act ("FTCA") divests this Court of jurisdiction over the claims against the United States and the FAA because Mr. Arellano failed to comply with its exhaustion and timeliness requirements. Without jurisdiction over those claims, it says, we cannot exercise supplemental jurisdiction over the remaining claims. *Id.* For the reasons below, we grant the motion in part.

## I. BACKGROUND

Mr. Arellano dreamed of becoming an air traffic controller. Docket No. 14-1 ¶ 15. But on June 20, 2014, the FAA denied his application. *Id.* ¶ 18. When he appealed its decision, the FAA affirmed the denial after Dr. Susan Northrup, the Regional Flight Surgeon, determined that he

was medically unfit due to an alleged alcohol dependence. *Id.*
¶ 20. Mr. Arellano asked her to reconsider that determination
and submitted new medical evidence, but his efforts were to
no avail. *Id.* ¶ 22. Pursuant to an internal regulation, Dr.
Northrup then sent his file to the Federal Air Surgeon, Dr.
Michael A. Berry, for a final determination. But she sent the
file without Mr. Arellano's new evidence. *Id.* ¶¶ 27–28. On
October 5, 2019, Mr. Arellano turned 31. So he aged out of
becoming an air traffic controller. *Id.* ¶ 36. Dr. Berry later
denied his application on procedural grounds. *Id.* ¶ 34.

Mr. Arellano filed this action on April 27, 2021, seeking
relief under Articles 1802 and 1803[2] of the Puerto Rico Civil
Code, and asserted that the Court has subject-matter
jurisdiction by way of diversity and supplemental
jurisdiction. *Id.* ¶¶ 3–4. The government then filed a motion
to dismiss the amended complaint under Federal Rules of

---

2. P.R. LAWS ANN. tit. 31, §§ 5141–42. Puerto Rico repealed and replaced
both statutes in June of 2020. We nonetheless apply them here because
they were in effect when Mr. Arellano was allegedly injured.

Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject-matter

jurisdiction and failure to state a claim. Docket No. 21.

In the government's motion, it argues that we lack

jurisdiction over the claim against the United States because

the FTCA is the only way Mr. Arellano can sue the United

States and Mr. Arellano failed to comply with its exhaustion

and timeliness requirements. *Id.* at 6–7. Next, it contends that

the FTCA prohibits tort suits against federal agencies, so we

do not have jurisdiction over the claim against the FAA. *Id.* at

8–9. Finally, it argues that without original jurisdiction over

those two claims, we cannot exercise supplemental

jurisdiction over the remaining claims. *Id.* at 9–10.

## II. MOTION TO DISMISS STANDARD

In evaluating the government's motion to dismiss

under Rule 12(b)(1), we first determine whether the

jurisdictional challenge is a facial or factual one. *See Cebollero-*

*Bertrán v. P.R. Aqueduct & Sewer Auth.*, 4 F.4th 63, 69 (1st Cir.

2021). In a facial challenge, "the movant raises a question of

law without contesting the facts." *Id.* But in a factual

challenge, the movant contests the facts in support of subject-matter jurisdiction. *Id.* Here, because the government only raises issues of law, this is a facial challenge. Thus, "[t]he analysis is essentially the same as a Rule 12(b)(6) analysis. *Id.* (citing *Valentín v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001). We "accept the well-pleaded facts alleged in the complaint as true," drawing "all inferences in the pleader's favor," and ask whether the pleader has stated a plausible claim that we have subject-matter jurisdiction (Rule 12(b)(1)) and a plausible claim for relief (Rule 12(b)(6)). *Id.* But we "disregard all conclusory allegations that merely parrot the relevant legal standard." *O'Brien v. Deutsche Bank Nat'l Tr. Co.*, 948 F.3d 31, 35 (1st Cir. 2020).

## III. Analysis

### A. Claim Against the United States

The United States is immune from suit unless it has waived its sovereign immunity. *Sánchez v. United States*, 740 F.3d 47, 50 (1st Cir. 2014); *see also United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("It is elementary that '[the] United States,

as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941))). The FTCA is "a limited waiver," *Abreu v. United States*, 468 F.3d 20, 23 (1st Cir. 2006), that allows plaintiffs to sue the United States in tort for the conduct of "any employee of the Government . . . under circumstances where the United States, if a private person, would be liable . . . in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Because liability is determined according to the law of the place where the act occurred, state tort law controls our substantive analysis. *Reilly v. United States*, 863 F.2d 149, 161 (1st Cir. 1988); *see also Carroll v. United States*, 661 F.3d 87, 101 (1st Cir. 2011) ("[T]he threshold inquiry into governmental liability as defined by the FTCA requires an examination of state law to define tortious conduct . . . .").

Claimants should proceed carefully, however, because this limited waiver comes with requirements. To bring a claim

under the FTCA, a claimant must exhaust his administrative remedies and timely file. *Sánchez*, 740 F.3d at 50; §§ 2675(a), 2401(b). Administrative exhaustion "is a non-waivable jurisdictional requirement." *Santiago-Ramírez v. Sec'y of Dep't of Def.*, 984 F.2d 16, 18 (1st Cir. 1993). A plaintiff's "failure to . . . file an administrative claim with the appropriate federal agency results in dismissal of the plaintiff's claim." *Id.* This requirement serves to "ensure that meritorious claims can be settled more quickly without the need for filing suit." *Est. of Barrett v. United States*, 462 F.3d 28, 36 (1st Cir. 2006). To comply with the requirement, § 2675(a) directs claimants to exhaust their administrative remedies by taking their claims to a federal agency before they resort to a lawsuit. *Id.* In short, a claimant may not file a tort action against the United States unless he has already submitted an administrative claim for money damages to the relevant federal agency. *Est. of Barrett*, 462 F.3d at 36. Even after submitting the claim, a claimant must wait until the agency denies it before he may file a lawsuit. *Id.* If it is not denied within six months after

submission, the claimant may, at his option, treat the inaction as a denial. *Id.*

Congress has set regulations governing how claimants may submit administrative claims to an agency. *See, e.g.,* 39 C.F.R. § 912.5; 28 C.F.R. § 14.2. A claim is deemed presented "when the FAA receives . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain." 14 C.F.R. § 15.3.

Mr. Arellano did not make a demand for money damages to the FAA. He does not allege that he filed a Standard Form 95, nor any other writing that demanded damages. Instead, Mr. Arellano claims that the appeals of his medical evaluation constituted the administrative remedies available to him and that he exhausted those appeals. Docket No. 24, pgs. 2–5. But that process does not satisfy the exhaustion requirement. Mr. Arellano's appeals sought to overturn Dr. Northrup's and Dr. Berry's determinations as to his fitness to be an air traffic controller—not money damages. Because Mr. Arellano never submitted an administrative

claim for money damages (and thus the FAA never denied one), he failed to exhaust his administrative remedies. Thus, this Court does not have jurisdiction to hear his claim against the United States. *See Acosta v. U.S. Marshals Serv.*, 445 F.3d 509, 515 (1st Cir. 2006) (affirming the district court's dismissal for lack of subject-matter jurisdiction when the plaintiff failed to exhaust his administrative remedies).

The government also argues that Mr. Arellano failed to comply with the FTCA's timeliness requirements and that this, too, divests us of subject-matter jurisdiction. Docket No. 21, pg. 8. But the FTCA's timeliness requirements are no longer jurisdictional. In *United States v. Wong,* 575 U.S. 402 (2015), the Supreme Court ruled that the FTCA's timeliness requirement is "a mere claims-processing rule," not a jurisdictional bar. *Id.* at 420; *see also Ortiz-Rivera v. United States*, 891 F.3d 20, 24 (1st Cir. 2018) ("[U]nder *United States v. Wong* . . . the FTCA's two-year time bar for presentment is a claims-processing rule, not a jurisdictional requirement."). Because this requirement is not jurisdictional, a timeliness

objection is an affirmative defense and therefore out of place
in a motion to dismiss under Rule 12(b)(1). *Moráles-Melecio v.
United States*, 890 F.3d 361, 367 (1st Cir.   2018).   The
government, however, also grounded its motion in Rule
12(b)(6), Docket No. 21, which is an appropriate vehicle for an
affirmative defense. *Blackstone Realty v. FDIC*, 244 F.3d 193,
197 (1st Cir. 2001). To succeed, "the facts establishing the
defense must be clear 'on the face of the plaintiff's pleadings.'"
*Id.* (quoting *Aldahonda-Rivera v. Parke Davis & Co.*, 882 F.2d
590, 591 (1st Cir. 1989)). The complaint, in other words, "must
leave no doubt that the plaintiff's action is barred by the
asserted defense." *Id.*

The timeliness requirement has two parts. First, a
claimant must submit an administrative claim to the relevant
federal agency within two years of his injury. § 2401(b).
Second, he must wait for the agency to deny his claim and file
suit within six months.[3] *Id.; see Sánchez*, 740 F.3d at 50.

---

3. Although § 2401(b) states that a claimant must file his claim within two
years "or" begin a lawsuit within six months of a final denial, the First

As we discussed above, Mr. Arellano never filed an administrative claim and therefore has not filed one within the two-year timeframe. And with no claim, there could not have been a denial. Thus, he has not filed a timely administrative claim nor lawsuit. Mr. Arellano contends that this lawsuit is timely because he filed it within two years of his alleged injury. But the two-year timeframe does not behave like a normal statute of limitations. Instead, the FTCA requires that an *administrative* claim be filed within two years, and then the *lawsuit* must be filed within six months after the agency denies that claim. Because he never filed an administrative claim, his claim here is untimely.

Because Mr. Arellano failed to submit an administrative claim to the FAA, he failed to exhaust his administrative remedies. We therefore lack subject-matter jurisdiction over his claim against the United States. And even

---

Circuit requires both. *Sánchez*, 740 F.3d at 50 n.6. ("We read this disjunctive language as setting out two deadlines, both (not just either) of which must be satisfied. Otherwise, there would effectively be no deadline at all.").

if we did have jurisdiction, his failure to file an administrative claim within two years renders his claim untimely. Both roads lead to us dismissing his claim against the United States.

### B. Claim Against the FAA

The FTCA waives the government's sovereign immunity and provides the exclusive remedy for torts federal employees commit within the scope of their employment. *Sánchez*, 740 F.3d at 50. Further, it "withdraws from federal agencies . . . the authority to be sued for the torts of any employee acting within the scope of employment of his office." *Armor Elevator Co. v. Phoenix Urban Corp.*, 655 F.2d 19, 22 (1st Cir. 1981). Thus, if a lawsuit falls within the scope of the FTCA, then "the FTCA remedy is exclusive and the federal agency cannot be sued in its name." *FDIC v. Meyer*, 510 U.S. 471, 476 (1994) (internal quotation marks omitted).

Mr. Arellano sued the FAA, alleging that Dr. Northrup and Dr. Berry harmed him when they mishandled his medical evaluation to become an air traffic controller. Docket No. 14-1. But the FTCA is the *exclusive* remedy for a tort that a federal

officer commits within the scope of his employment and the
claim must be brought against the United States, not a federal
agency.[4] So if Dr. Northrup and Dr. Berry were acting within
the scope of their employment when they committed their
allegedly tortious acts, then the FTCA bars Mr. Arellano from
suing the FAA. If, however, the doctors were not acting within
the scope of their employment, then the FTCA does not apply,
and the United States and FAA are immune from suit. *See
Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010) ("The
[FTCA's] waiver is effective only for the acts or omissions of
a federal employee within the scope of his employment.");
*Meyer*, 510 U.S. at 475 ("Absent a waiver, sovereign immunity
shields the Federal Government *and its agencies* from suit."
(emphasis added)); *cf. B&A Marine Co. v. Am. Foreign Shipping
Co.*, 23 F.3d 709, 713 (2d Cir. 1994) ("If . . . the tortfeasor . . . is
an agent [of the government] but did not commit the
wrongdoing in the scope of [his] employment, then the

---

4. Mr. Arellano did not respond to this argument in his response to the
government's motion. Docket No. 24.

plaintiff has a cause of action against the agent or employee .
. . , but not against the Government.").

In sum, if the doctors were acting within the scope of
their employment, then the FTCA applies and only allows Mr.
Arellano to bring a tort action against the United States, not
the FAA. If they were not, then the FAA enjoys sovereign
immunity, which deprives us of subject-matter jurisdiction. In
either case, we must dismiss Mr. Arellano's claim against the
FAA.

### C. Claims Against Dr. Northrup and Dr. Berry

The government argues that this Court cannot exercise
supplemental jurisdiction over the remaining claims because
we lack federal question jurisdiction over the claims against
the United States and FAA. Docket No. 21. But Mr. Arellano
asserted that we have diversity jurisdiction. Docket No. 14-1
¶ 3. And he has carried his burden to "allege facts sufficient
to show that the requirements for such jurisdiction are
satisfied." *Woo v. Spackman*, 988 F.3d 47, 53 (1st Cir. 2021). Mr.
Arellano alleged that he is a citizen of Puerto Rico, both Dr.

Berry and Dr. Northrup are citizens of a state other than Puerto Rico, and the damages exceed $75,000. Docket No. 14-1 ¶¶ 8, 10–11, 60. Since the government raises a facial challenge to our jurisdiction, these allegations are sufficient to show that we have diversity jurisdiction over his state law claims. But we have concerns that the parties did not raise about our subject-matter jurisdiction. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."); *see also Esquilín-Mendoza v. Don King Prods.*, 638 F.3d 1, 3 (1st Cir. 2011) ("[T]he courts have a duty to ensure that they are not called upon to adjudicate cases which in fact fall outside the jurisdiction conferred by Congress.").

Congress amended the FTCA to provide federal employees with absolute immunity from tort suits for conduct within the scope of their employment. § 2679(b)(1); *see also Aversa v. United States*, 99 F.3d 1200, 1207 (1st Cir. 1996) ("The Westfall Act [made] an action against the United States

the exclusive remedy . . . for injury arising from the 'negligent or wrongful act or omission' of a federal employee 'acting within the scope of his . . . employment,' thus . . . making federal employees absolutely immune from suit for torts committed within the scope of employment." (quoting § 2679(b)(1))). So a plaintiff cannot sue a federal officer for conduct within the scope of his employment.

Whether a federal officer acted within the scope of his employment "is determined by the law of the state in which the relevant conduct occurred." *Est. of McIntyre v. United States*, 545 F.3d 27, 38 (1st Cir. 2008); *see also Aversa*, 99 F.3d at 1208 ("[A] federal employee is immune if he or she acted 'within the scope of [his or her employment]', which . . . is to be determined by . . . the law of respondeat superior of the state where the incident occurred."). Alternatively, the Attorney General[5] may certify that an employee was acting

---

5. The Attorney General has delegated authority to the U.S. Attorneys to determine if an employee within their respective districts was acting within the scope of his employment. *Lyons v. Brown*, 158 F.3d 605, 607 (1st

within the scope of his employment. *See* § 2679(d)(1); *see also Davric Me. Corp. v. USPS*, 238 F.3d 58, 66 (1st Cir. 2001) ("The mechanism through which the federal employee is protected . . . is certification by the Attorney General under 28 U.S.C. § 2679(d) that the employee was acting within the scope of employment.").

Mr. Arellano sued Dr. Northrup and Dr. Berry and claimed that they wrongfully mishandled his medical evaluation. Docket No. 14-1. According to the amended complaint, Dr. Northrup failed to include the new medical evidence when she transmitted the file to Dr. Berry, who in turn did not take it into account when reviewing his application. *Id.* The doctors, he said, also delayed so long that he aged out of becoming an air traffic controller. *Id.* In our view, the doctors' conduct looks to be within the scope of their employment. If that is true, then Mr. Arellano's exclusive remedy is against the United States through the FTCA, which

Cir. 1998) (citing 28 C.F.R. § 15.3(a)).

would be fatal to his claims. For as we have said, he failed to comply with the FTCA's exhaustion and timeliness requirements. The only way we would have subject-matter jurisdiction over his claims against the doctors is if their conduct was outside of the scope of their employment. Because the parties did not raise this issue, we need further briefing to "appraise [our] own authority to hear and determine" this case. *Watchtower Bible & Tract Soc'y of N.Y. v. Colombani*, 712 F.3d 6, 10 (1st Cir. 2013).

Mr. Arellano shall file a supplemental brief by 7/28/22 addressing how Dr. Northrup's and Dr. Berry's conduct was outside the scope of their employment. In addition, the brief shall explain which state's respondeat superior law applies to each defendant. It shall not exceed ten (10) pages. The government shall respond within seven (7) days thereafter. Its response shall not exceed ten (10) pages.

### D. Claims Against John Doe and XYZ Companies

John Doe is a fictious name for "an individual who may have influenced or contributed to Plaintiff's damages."

Docket No. 14-1 ¶ 13. XYZ Insurance Companies is "the fictious name given to any insurance company that has issued policies to any defendant, which may cover the damages arising out of the cause of action." *Id.* ¶ 14. A plaintiff that does not know "the identity of the person who wronged [him] can sometimes proceed against a 'John Doe' defendant as a placeholder." *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592, 596 (1st Cir. 2011). This device is available "when discovery is likely to reveal the identity of the correct defendant and good faith investigative efforts to do so have already failed." *Id.*

The amended complaint contains no allegations about John Doe nor any insurance company. And Mr. Arellano has not explained how discovery will reveal their identities nor the good faith investigative efforts he has engaged in to identify them. In his supplemental brief, Mr. Arellano shall also show cause why we should not dismiss John Doe and XYZ Insurance Companies from this lawsuit by explaining how their identities are likely to be revealed in discovery and the good faith investigative efforts he already undertaken.

## IV. CONCLUSION

The Court **GRANTS in part** the government's motion to dismiss (Docket No. 21). We lack subject-matter jurisdiction over the claim against the United States because Mr. Arellano failed to abide by the FTCA's procedural requirements. That claim is hereby **dismissed without prejudice**. *See Sánchez*, 740 F.3d at 51 (holding that dismissal without prejudice is appropriate where plaintiff failed to bring an administrative claim). His claim against the FAA fails because either the FTCA applies and he can only sue the United States, or it does not apply, and the FAA is shielded by sovereign immunity. Either way, we lack subject-matter jurisdiction. Thus, that claim is also **dismissed without prejudice.** The claims against Dr. Northrup, Dr. Berry, John Doe, and XYZ Insurance Companies survive for now.

The Court **ORDERS** Mr. Arellano to submit by 7/28/22 a brief of no more than ten (10) pages explaining why Dr. Northrup's and Dr. Berry's conduct fall outside the scope of their employment and which state's respondeat superior law

applies to each of them. In his brief, he shall also show cause why John Doe and XYZ Insurance Companies should not be dismissed from this lawsuit by explaining how their identities are likely to be revealed in discovery and the good faith investigatory efforts he has undertaken. The government shall respond, in no more than ten (10) pages, within seven (7) days.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 14th day of July 2022.

S/ SILVIA CARREÑO-COLL
UNITED STATES DISTRICT COURT JUDGE